[Cite as *State v. Houser*, 2014-Ohio-3753.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JOHN R. HOUSER | : | Case No. 14-CA-002 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 13-CR-085




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 August 28, 2014




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

F. CHRISTOPHER OEHL                       DAVID M. HUNTER
164 East Jackson Street                   244 West Main Street
Millersburg, OH  44654                    Loudonville, OH  44842

*Farmer, J.*

{¶1} On August 19, 2013, the Holmes County Grand Jury indicted appellant, John Houser, on one count of trafficking in marijuana in violation of R.C. 2925.03(A)(1) and (C)(3)(a) and (b) and one count of aggravated trafficking (Ecstasy) in violation of R.C. 2925.03(A)(1) and (C)(1)(a) and (b) committed on January 7, 2013, and one count of aggravated trafficking (Ecstasy) in violation of R.C. 2925.03(A)(1) and (C)(1)(c) committed on February 26, 2013. Said charges arose from two controlled drug buys by a confidential informant, Mark Mullins, in the vicinity of a school. During both transactions, appellant was driving a red Tahoe.

{¶2} A jury trial commenced on January 6, 2014. The jury found appellant guilty as charged. By judgment entry filed January 23, 2014, the trial court sentenced appellant to an aggregate term of five years in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE CONVICTION FOR TRAFFICKING IN MARIJUANA AND AGGRAVATED TRAFFICKING, BEING COUNTS ONE AND TWO OF THE INDICTMENT AND WHICH ALLEGEDLY OCCURRED ON JANUARY 7, 2013, WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶5} "THE CONVICTION FOR AGGRAVATED TRAFFICKING, BEING COUNT TWO OF THE INDICTMENT AND WHICH ALLEGEDLY OCCURRED ON FEBRUARY 26, 2013, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

III

{¶6}   "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS UNDER CRIM.R. 29(A) AT THE CLOSE OF THE STATE'S CASE."

IV

{¶7}   "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."

I, II, III

{¶8}   Appellant claims his convictions for trafficking in marijuana and aggravated trafficking on January 7, 2013 and aggravated trafficking on February 26, 2013 were against the manifest weight of the evidence.  Appellant also claims the trial court erred in denying his Crim.R. 29 motion for acquittal.  We disagree.

{¶9}   On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983).  See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997-Ohio-52.  The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *Martin* at 175.

{¶10} Crim.R. 29 governs motion for acquittal.  Subsection (A) states the following:

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

{¶11} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in *State v. Bridgeman,* 55 Ohio St.2d 261 (1978), syllabus: "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

CONVICTIONS FOR JANUARY 7, 2013

{¶12} Appellant was convicted of aggravated trafficking in violation of R.C. 2925.03(A)(1) and (C)(1)(b) and trafficking in marijuana in violation of R.C. 2925.03(A)(1) and (C)(3)(b) which state the following, respectively:

(A) No person shall knowingly do any of the following:

(1) Sell or offer to sell a controlled substance or a controlled substance analog;

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1) If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or schedule II, with the exception of marihuana, cocaine, L.S.D., heroin, hashish, and controlled substance analogs, whoever violates division (A) of this section is guilty of aggravated trafficking in drugs. The penalty for the offense shall be determined as follows:

(b) Except as otherwise provided in division (C)(1)(c), (d), (e), or (f) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, aggravated trafficking in drugs is a felony of the third degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

(3) If the drug involved in the violation is marihuana or a compound, mixture, preparation, or substance containing marihuana other than hashish, whoever violates division (A) of this section is guilty of trafficking in marihuana. The penalty for the offense shall be determined as follows:

(b) Except as otherwise provided in division (C)(3)(c), (d), (e), (f), (g), or (h) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in marihuana is a felony of the fourth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

{¶13} Pursuant to R.C. 2925.01(P):

An offense is "committed in the vicinity of a school" if the offender commits the offense on school premises, in a school building, or within one thousand feet of the boundaries of any school premises, regardless of whether the offender knows the offense is being committed on school premises, in a school building, or within one thousand feet of the boundaries of any school premises.

{¶14} Appellant argues the evidence failed to establish he offered to sell and/or sold marijuana and Ecstasy pills within one thousand feet of a school as the distance to a school when the drug buy occurred was contradictory. Also, appellant argues the offer to sell was done via texting on a cell phone and evidence was not presented that appellant was the one texting.

{¶15} The confidential informant, Mark Mullins, testified he and appellant texted to set up the sale. T. at 140-141, 143. The cell phone number used was identified as appellant's via testimony from Roger Estill, Chief Probation Officer, and Ginnie Sandison, Deputy Clerk with the Clerk of Court's Office, and via court documents. T. at 215-217, 219-221; State's Exhibits 14 and 15. In addition, appellant's own witnesses identified the cell phone number as being used by appellant as well as other family members. T. at 246, 302-303, 322-323, 328-329. Photographs of the text messages on January 7, 2013 were admitted as State's Exhibit 3. T. at 96, 226.

{¶16} On January 7, 2013, the day of the sale, Millersburg Police Chief Thomas Vaughn, assisting in the surveillance, observed appellant driving a red Tahoe that entered Millersburg at the appointed time. T. at 48-49, 59. Chief Vaughn was familiar

with appellant from past encounters. T. at 53-54. Mr. Mullins testified he entered the vehicle and appellant was driving and Jeffrey Perrine was seated in the passenger's seat. T. at 143-144, 168-169. Appellant continued driving and Mr. Mullins grabbed a brown paper bag containing the marijuana and Ecstasy pills from the center console and he placed his money on the center console. T. at 145-146. The entire transaction was audio recorded and played for the jury. T. at 93; State's Exhibit 1. Both Holmes County Sheriff's Deputy Sergeant Joe Mullet and Mr. Mullins identified appellant's voice on the tape. T. at 93-94, 156-157.

{¶17} Sergeant Mullet testified Mr. Mullins was picked up at the intersection of Clinton Street and Monroe Street which was five hundred and fifty-two feet from a Head Start Preschool. T. at 105. During the drive wherein the drug buy took place, appellant drove north and then turned around, getting closer to the preschool. *Id.* A videotape of the red Tahoe's movements taken by Holmes County Sheriff's Deputy Detective Robert McVicker and a GIS map of the area showing an aerial view were admitted as State's Exhibits 11 and 16, respectively. T. at 128-129, 184-185, 187-188, 226. While it is true that Mr. Mullins was unable to identify the location of the school during the drive around, testimony from the surveillance officers and the videotape established the vehicle's route was within one thousand feet of a school.

{¶18} Upon review, we find the evidence was sufficient to establish the sale of the marijuana and Ecstasy was set up with appellant, and appellant was the driver of the red Tahoe. The videotape and aerial map, coupled with the testimony of the surveillance officers of the vehicle's route, were sufficient to establish the elements of the offenses beyond a reasonable doubt. We find no manifest miscarriage of justice.

CONVICTION FOR FEBRUARY 26, 2013

{¶19} The elements of this count are cited above, R.C. 2925.03(A)(1). Appellant was also convicted of subsection (C)(1)(c) which states:

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1) If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or schedule II, with the exception of marihuana, cocaine, L.S.D., heroin, hashish, and controlled substance analogs, whoever violates division (A) of this section is guilty of aggravated trafficking in drugs. The penalty for the offense shall be determined as follows:

(c) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds the bulk amount but is less than five times the bulk amount, aggravated trafficking in drugs is a felony of the third degree, and, except as otherwise provided in this division, there is a presumption for a prison term for the offense. If aggravated trafficking in drugs is a felony of the third degree under this division and if the offender two or more times previously has been convicted of or pleaded guilty to a felony drug abuse offense, the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree. If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile,

aggravated trafficking in drugs is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree.

{¶20} Appellant argues there was no proof that he set up the sale, the drug buy occurred within one thousand feet of a school, and the amount sold was two times the bulk amount.

{¶21} As in the January 7, 2013 drug buy, Mr. Mullins and appellant set up the sale via texts to appellant's known cell phone number. T. at 148; State's Exhibit 4. Both Chief Vaughn and Sergeant Mullet observed appellant driving the red Tahoe. T. at 52, 86-87. Appellant picked up Mr. Mullins in the same area as before. T. at 150-151. This time appellant was alone. T. at 152. They drove around town for a minute, the sale occurred, and appellant drove "around by the park, up by the school." T. at 151-152. Appellant then dropped him off on "an alley street across from the school." T. at 154. This transaction was also audio recorded and appellant's voice was identified in the recording. T. at 157; State's Exhibit 2.

{¶22} The drug buy consisted of twenty-one pills. T. at 104-105; State's Exhibit 8. The pills were tested by B.C.I. and were determined to be Ecstasy. *Id.*; State's Exhibit 10. Sergeant Mullet testified bulk amount was ten unit doses or more, so there was twice the bulk amount. T. at 105.

{¶23} Upon review, we find there was sufficient evidence to substantiate the elements of the offense beyond a reasonable doubt. We find no manifest miscarriage of justice.

{¶24} All of the testimony reviewed above was given prior to the Crim.R. 29 motion for acquittal. We find the trial court did not err in denying said motion.

{¶25} Assignments of Error I, II, and III are denied.

IV

{¶26} Appellant claims his trial counsel was ineffective for failing to object to testimony referencing his prior criminal activity and by failing to file a proper alibi defense. We disagree.

{¶27} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

> 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶28} Evid.R. 104 places the trial court in the position of determining admissibility of evidence. Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 402 states the following:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio. Evidence which is not relevant is not admissible.

{¶29} Further consideration is required under Evid.R. 403(A) which states: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

{¶30} Appellant complains of the testimony discussed above of Roger Estill and Ginnie Sandison regarding appellant's cell phone number. T. at 215-217, 219-221. Both testified to the number appellant had placed on court documents (probation records and a bond). State's Exhibits 14 and 15. The number matched the cell phone number Mr. Mullins used to text with appellant to set up the drug buys. The testimony was relevant to prove Mr. Mullins's testimony regarding the number was credible and

appellant was the individual setting up the sale. There was a slight reference to the origin of the court documents.

{¶31} Appellant also complains of the testimony of Chief Vaughn regarding their past encounters. Chief Vaughn was testifying to his identification of appellant driving the red Tahoe. Chief Vaughn testified he had prior contact with appellant through Project Stay, a school program, and had been in court with him before. T. at 53. Chief Vaughn did not elaborate as to the circumstances regarding the court encounter. Defense counsel objected and the trial court sustained the objection. T. at 54.

{¶32} We find these references were not unduly prejudicial and do not rise to the level of ineffective assistance of trial counsel.

{¶33} Appellant also argues his trial counsel filed an incomplete notice of alibi. Crim.R. 12.1 governs notice of alibi and states the following:

> Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, file and serve upon the prosecuting attorney a notice in writing of his intention to claim alibi. The notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, unless the court determines that in the interest of justice such evidence should be admitted.

{¶34} The notice of alibi filed December 10, 2013 sets forth five specific individuals who would testify that appellant was not the driver of the red Tahoe that met with Mr. Mullins for the drug buys:


1) Katherine Philips, 616 S. Main St., Apt. B-7, Shreve, Ohio 44676, who will testify that she had her daughter rather than the Defendant on Sunday, January 6, 2013, the same date as the text allegedly from Defendant stating that he had both his daughters.

2) Laureen Houser, 616 S. Main St., Apt. E-4, Shreve, Ohio 44676, who will opine to her belief that the true perpetrator is her other son, Jacob Houser.

3) Samantha Jordan, 76 C.R. 1100, West Salem, Ohio 44287 who will testify that she was the owner of the subject vehicle on the dates in question and that she allowed Jacob Houser to use said vehicle on or about the dates in question.

4) Jacob Houser, 8171 Twp. Rd. 576, Holmesville, Ohio 44633, who may or may not testify to his role in the incidents in question.

5) Jeffrey Perrine, 71 N. Mad Anthony, Millersburg, Ohio 44654, who will testify he was not present in the State of Ohio on one date in question.


{¶35} All of these individuals testified at trial relatively consistent with the stated subject matter. T. at 243, 253, 254-257, 273, 280-281, 290, 292-293. The trial court

ruled after listening to the testimony it was not going to give an alibi instruction "unless I hear something differently from the last witness." T. at 282-283. The trial court also determined the alibi notice did not include a specific location as required and therefore "it can't come in." T. at 286. The last two witnesses were appellant's brother, Jacob Houser, and appellant's mother, Laureen Houser.

{¶36} Appellant's present argument is that his mother would have testified that he was with her instead of in Millersburg during the two drug buys. Appellant's Brief at 15. A proffer of this testimony was not made.

{¶37} The defense presented considerable testimony about the accessibility and use of the red Tahoe and the cell phone by all members of the family. T. at 243, 253, 254-256, 273, 290, 292-293, 302, 328-329. Appellant's mother testified extensively to photographs she had taken of her sons in the red Tahoe, suggesting misidentification. T. at 303-315; Defendant's Exhibits K-O. Appellant admitted to Samantha Jordan, the owner of the red Tahoe, that he had used the vehicle on the dates in question. T. at 259-266, 277-279. Considerable issues of credibility of the defense witnesses were raised during cross-examination, including impeachment with their own prior sworn testimony.

{¶38} We note this court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post,* 32 Ohio St.3d 380, 388 (1987).

{¶39} Given the cross-examination and the lack of a specific proffer, we find no deficiency by trial counsel or any undue prejudice to appellant.

{¶40} Assignment of Error IV is denied.

{¶41}  The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 805